## J. Gerbig, Defendant in Error, v. T. B. Moore, Plaintiff in Error.

### Gen. No. 13,456.

TENDER—*what essential to effectiveness.* A withdrawal of a tender destroys its effectiveness; to avail a tender must be kept good.

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed February 4, 1908. Rehearing denied February 18, 1909.

CANTWELL & ROTH, for plaintiff in error.

JOHN E. VAN NATTA, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The defendant in error was plaintiff and the plaintiff in error was defendant in the trial court. The plaintiff sued the defendant before a justice of the peace, and recovered judgment for $64; and the defendant appealed to the Circuit Court, where the cause was tried by the court and a jury. The jury found for the plaintiff and assessed the plaintiff's damages at the sum of $42.83. The defendant moved for a new trial, which motion was overruled and judgment was rendered on the verdict.

The parties are both women. The defendant is, or was, a dressmaker. The evidence tends to prove the following facts: The plaintiff went to defendant and told her that she wanted a double-breasted gown made, and that she, plaintiff, would furnish the cloth and other necessary materials. The dress was to be of black chiffon broadcloth. On defendant suggesting that she, being a dressmaker, could get the cloth and other things necessary more cheaply than could the plaintiff, plaintiff consented that she

might do so, and paid her $20, the balance to be paid when the gown should be finished, which was to be in about two weeks. Defendant guaranteed that the workmanship would be first-class, and the gown a perfect fit and satisfactory in every way. There was a great deal of delay in making the gown; but finally defendant sent it to plaintiff, by a boy, early on a Sunday morning. Plaintiff asked the boy to permit her to see the gown, which he refused, and said his instructions were not to let the gown go out of his hands till he should get the money for it, for which he had a bill for the sum of $40.83. Plaintiff paid the bill and went back to her bed, from which she had arisen when the boy came with the gown. The gown did not fit the plaintiff; defendant tried to alter it so that it would fit, but failed. Hence this litigation. The foregoing facts are supported by the greater weight of the evidence.

The plaintiff, at the commencement of the trial, tendered the gown to the defendant in open court, but, on the hearing of the motion for a new trial, plaintiff's counsel "stated to the court that the plaintiff had taken the garment which had been produced in evidence on the trial; and counsel for plaintiff thereupon stated to the court that he had the said garment in his possession, and did not think that he should be compelled to deliver it up to the defendant unless they paid the total sum of $60.83 to the plaintiff," etc. This was equivalent to a withdrawal of the tender, which, had it occurred in the presence of the jury, on the trial, would have left the suit to stand as one for damages. The jury evidently, by their verdict, treated the suit as one for damages, as they deducted $20, the price of the materials of the gown, from the total amount paid by the plaintiff. The plaintiff has the gown and a judgment for $42.83. We think substantial justice has been done, and the judgment will be affirmed.

*Affirmed.*